IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK05-45008 |
| | ) | |
| LEONARD ZELENY and | ) | |
| FRANCES ZELENY, | ) | |
| | ) | CH. 13 |
| Debtor(s). | ) | |
| | ) | Filing No. 5, 11, 19 & 12, 18 |

ORDER

Hearing was held in Lincoln, Nebraska, on January 18, 2006, regarding Filing No. 5, Chapter 13 Plan, filed by the debtors; Filing No. 11, Objection, filed by the Chapter 13 trustee; Filing No. 19, Resistance to Trustee's Objection to Plan, filed by the debtors; Filing No. 12, Objection to Exemptions, filed by the trustee; and Filing No. 18, Resistance, filed by the debtors. Richard Register appeared for the debtors and Marilyn Abbott appeared for the Chapter 13 trustee.

The Chapter 13 trustee has objected to a claim of homestead exemption with regard to a pickup truck and a "fifth-wheeler" mobile home. The trustee has also objected to the Chapter 13 plan because if the claim of exemption is not allowed, the plan does not pay the amount necessary to meet the best interest of creditors.

The pickup truck and fifth-wheeler were purchased as a trade-in for a motor home in which the debtors had equity. That motor home was located on certain real property which the debtors had owned but sold on land contract. The debtors did not live in the house on the real property, but lived in the motor home.

Upon trading the motor home for the pickup truck and fifth-wheeler, the debtors continued to reside in the fifth-wheeler and were residing in the fifth-wheeler on the petition date.

It is the position of the debtors that the motor home in which they had previously resided did qualify for the homestead exemption and the new unit, including the living space in the fifth-wheeler and the power unit, the pickup truck, should continue to qualify for the homestead exemption.

Case law in this jurisdiction provides that a "trailer home" may qualify for homestead exemption if it is permanently affixed to real estate, whether that real estate is owned or rented. In re Buzzell, 110 B.R. 440 (Bankr. D. Neb. 1990); In re Foley, 97 F. Supp. 843 (D. Neb. 1951). However, the Nebraska homestead exemption statute at Neb. Rev. Stat. § 40-101, *et seq.,* does not provide for a claim of a homestead exemption in a vehicle that pulls the living space, whether it be a fifth-wheeler or some other type of trailer. The power unit/pickup truck cannot be permanently affixed to the real estate and was not in this case. That power unit/pickup truck can be used for other transportation, in addition to its use as a tow vehicle for the fifth-wheeler.

Considering the Nebraska statutory exemption for a homestead and the type of units claimed in this case as eligible for the homestead exemption, I decline to stretch the statutory definition to fit the facts of this case. Therefore, I deny the claim of exemption and sustain the objection by the Chapter 13 trustee.

      Counsel for the Chapter 13 trustee withdrew one part of the exemption to confirmation concerning the direct payment of the debt on the fifth-wheeler. Therefore, the debtors' plan is not confirmed and the debtors have thirty days to file an amended plan or dismiss the case.

      SO ORDERED.

      DATED this 18th day of January, 2006.

                                  BY THE COURT:

                                  /s/ Timothy J. Mahoney
                                  Chief Judge

Notice given by the Court to:
      *Richard Register
      *Marilyn Abbott
      U.S. Trustee

*Movant is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.